IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAYRIEN HOLMON, SR., and SHARNETTA TOMPKIN, as Next Friends of DAYRIEN HOLMON, JR., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Civil No. 05-81-GPM ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) |

## MOTION FOR FED. R. CIV. P. 35 EXAMINATION OF MINOR PLAINTIFF

Comes now defendant United States of America, by and through its attorneys, A. Courtney Cox, United States Attorney for the Southern District of Illinois, and James M. Hipkiss, Assistant United States Attorney for said district, and for its motion for Fed. R. Civ. P. 35 examination of minor plaintiff, states as follows:

1. Defendant's attorney advised plaintiffs' attorney that defendant wished to have the minor plaintiff examined by neuropsychologist Scott Hunter, Ph.D. and his staff. Plaintiffs' counsel requested that the parties first try to reach an informal agreement for the examination. Defendant has sent plaintiff information regarding the proposed examination. See Exhibit 1.

2. Defendant's counsel and plaintiffs' counsel have agreed on the exam to be held on June 25 and 26, 2009, at the University of Chicago Hospital. Defendant has, of course, agreed to arrange and pay for the airfare, hotel, and per diem expenses of the minor plaintiff and his parents.

3. The only disagreement known to defendant between the parties regarding the examination is plaintiffs' demand that the psychological testing of the minor plaintiff be videotaped and/or that the parents be present during such testing.

4. The CV of Scott Hunter, Ph.D., is attached as Exhibit 2. The CV of pediatric neuropsychology technician Christy Casnar, who would administer the testing of the minor under Scott Hunter's direction, is attached as Exhibit 3. An e-mail discussing the use of neuropsychological technicians and an "Official Statement of the National Academy of Neuropsychology" on "The Use of Neuropsychology Test Technicians in Clinical Practice" is attached as Exhibit 4.

5. Scott Hunter's declaration states the "videotaping of the evaluation and/or the physical presence of third party observers in the training room (i.e., parents or otherwise) during this assessment is strongly contraindicated, as it will serve to compromise the integrity and validity of the evaluation, and hamper the interpretation of results." See Exhibit 5, Declaration of Scott J. Hunter, Ph.D., page 1, paragraph 1. The rest of the declaration and the attachments to said declaration explain the reason for his above-stated opinion.

6. Case law regarding psychological examination or testing supports defendant's position. In *Tomlin v. Holecek*, 150 F.R.D. 628 (D. Minn. 1993), the court refused to allow the presence of counsel, a third party, or tape recorder during a psychological examination because to do so would potentially invalidate the examination results, fail to provide a level playing field, as plaintiff was not required to tape record the examination with his own health care providers, and create an adversarial environment during an evaluation that should be neutral. *Id.* at 631-633.

7. In *Ayat v. Societe Air France*, 2007 WL 1120358, *8 (N.D. Cal. 2007), the court relied on the reasoning and holding in *Tomlin* when it held a third party witness or tape recording device was unwarranted for the neuropsychological examination (which included testing).

8. The purpose of Rule 35 is to put both plaintiff and defendant on an equal footing. *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 27 (D. Conn. 1994). In order to put plaintiff and defendant on an equal footing, the Court should order that the minor plaintiff's testing be conducted without third parties or recording of any kind. It is noted that the minor plaintiff's examination by plaintiffs' former expert neuropsychologist, Leonard Koziol, Ph.D. was conducted without the parents being present (see Exhibit 6, Report by Leonard Koziol, page 1, last paragraph, produced by plaintiffs to defendant), and presumably without any tape recording.

WHEREFORE, defendant prays that the Court order that:

1. That plaintiffs bring the minor plaintiff for examination and testing to the University of Chicago Hospital at 1:00 on June 25th, and 9:00 on June 26th, per Exhibit 1 of defendant's motion.

2. The parents may not be present during the testing of the minor plaintiff. No audio or video recording of the testing shall be made.

3. That the minor plaintiff and his parents be interviewed as stated in Exhibit 2 of defendant's motion.

4. That the plaintiffs complete the SIB-R, the BASC-2, and the BRIEF questionnaires referred to in Exhibit 1 of defendant's motion.

5.      That the defendant pay the reasonable airfare, hotel, and per diem expenses of the minor plaintiff and his parents incurred by reason of said examination.

>Respectfully submitted,
>
>A. COURTNEY COX
>United States Attorney
>
>/s/ *James M. Hipkiss*
>JAMES M. HIPKISS
>Assistant United States Attorney
>Nine Executive Drive
>Fairview Heights, IL  62208
>Phone:   (618) 628-3700
>FAX:     (618) 622-3810
>E-mail:   Jim.Hipkiss@usdoj.gov

**Certificate of Service**

       I hereby certify that on June 19, 2009, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alan G. Pirtle; agp@bphlaw.com

                                                        Respectfully submitted,

                                                        A. COURTNEY COX
                                                        United States Attorney


                                                        /s/ *James M. Hipkiss*
                                                        JAMES M. HIPKISS
                                                        Assistant United States Attorney
                                                        Nine Executive Drive
                                                        Fairview Heights, IL  62208
                                                        Phone:   (618) 628-3700
                                                        FAX:     (618) 622-3810
                                                        E-mail:   Jim.Hipkiss@usdoj.gov