IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAYRIEN HOLMON, SR., and SHARNETTA TOMPKIN, as Next Friends of DAYRIEN HOLMON, JR., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Civil No. 05-81-GPM |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

**DEFENDANT UNITED STATES OF AMERICA'S REPLY TO
PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANT'S
MOTION FOR FED. R. CIV. P. 35 EXAMINATION OF MINOR PLAINTIFF**

Comes now defendant United States of America, by and through its attorneys, A. Courtney Cox, United States Attorney for the Southern District of Illinois, and James M. Hipkiss, Assistant United States Attorney for said district, and for its reply to plaintiffs' response and opposition to defendant's motion for Fed. R. Civ. P. 35 examination of minor plaintiff, states as follows:

Introduction

The plaintiffs and defendant have agreed to have the minor plaintiff examined by neuropsychologist Scott Hunter, Ph.D. and his staff from the University of Chicago. The undersigned had advised the Court in its motion for Rule 35 examination that the examination of the minor plaintiff was to take place on June 25 and 26. Due to a death in Dr. Hunter's family, however, the parties have agreed to move the examination to July 16 and 17.

The undersigned now believes that the only issue separating the parties from complete agreement regarding said examination is plaintiffs' demand that any testing, examination, evaluation and questioning of the minor plaintiff be videotaped. This reply thus only addresses that issue.

Argument

In its motion for the Rule 35 examination of the minor plaintiff, the defendant cited the case of *Duncan v. Upjohn Co.*, 155 F.R.D. 23, 27 (D. Conn. 1994) for the proposition that the purpose of Rule 35 is to put both plaintiff and defendant on an equal footing. Plaintiffs did not contest this point in their response. Plaintiffs admit that their former expert neuropsychologist, Dr. Koziol, performed testing and evaluation of the minor plaintiff without videotaping (and without parental attendance). Defendant only wants the same treatment to be given its Rule 35 neuropsychological examination and testing.

It is also noted that plaintiffs in their response in no way have any criticism of either Dr. Hunter or of Christy Casnar, the pediatric neuropsychology technician, who would administer the testing of the minor under Dr. Hunter's direction. Dr. Hunter is the director of the Pediatric Neuropsychology Service, Department of Psychiatry and Behavioral Neurosciences, Section of Child and Adolescent Psychiatry, at the University of Chicago. He has held that position since 1999. Dr. Hunter is also an associate professor with the Department of Psychiatry and Behavioral Neuroscience, Biological Sciences Division, Pritzker School of Medicine, University of Chicago. He is also an associate professor (Secondary Appointment), Department of Pediatrics, Biological Sciences Division, Pritzker School of Medicine, University of Chicago.

Dr. Hunter received the Chair's Award in 2008 for Most Outstanding Faculty member, Department of Psychiatry and Behavioral Neuroscience, University of Chicago. Dr. Hunter received an MA in Clinical and Developmental Psychology, University of Illinois at Chicago, and his Ph.D. in Clinical and Developmental Psychology from the University of Illinois at Chicago. From 1996-1997, Dr Hunter did a post-doctoral fellowship in Pediatric Neuropsychology and Developmental Disabilities, Departments of Neurology and Pediatrics, University of Rochester School of Medicine,

Rochester, New York. (See Exhibit 2 to defendant's motion for Fed. R. Civ. P. 35 examination of minor plaintiff.)

Christy Casnar graduated from the University of Missouri-St. Louis in May 2006 with a Bachelor of Arts in Psychology/Sociology (double major). For the last year she has been employed as a pediatric neuropsychology technician under the supervision of Dr. Hunter. In that position, she conducts neuropsychological assessments for children and adolescents with a range of concerns while under the supervision of a licensed clinical psychologist. (See Exhibit 3 to defendant's motion for Fed. R. Civ. P. 35 examination of minor plaintiff.) Attached as Exhibit 4 to said motion is an official statement of the National Academy of Neuropsychology on The Use of neuropsychology Test Technicians. This statement states in part:

> The use of neuropsychology technicians helps maintain the objectivity of data collection and minimizes potential for bias associated with clinical judgment. This practice maintains the reliability and validity of test administration (citations omitted).

Plaintiffs have in no way contested in their response the qualifications or professionalism of Dr. Hunter or Ms. Casnar, which certainly undercuts plaintiffs' claim that videotaping the testing and examination of the minor plaintiff is in any way required or necessary.

*Zabkowicz v. West Bend Co.* is a sexual harassment case cited by plaintiffs involving claims of emotional distress in which the court allowed the presence of a third party or recording device at the examination. (585 F. Supp. 635, 636 E.D.Wis. 1984). The court reasoned a third party was necessary to protect the plaintiff's interests. *Id*. A series of courts have rejected this reasoning; *Tomlin v. Holecek*, 150 F.R.D. 628, 630 (D.Minn. Aug. 24, 1993); *Hertenstein v. Kimberly Home Health Care, Inc*., 189 F.R.D. 620, 629 (D.Kan. 1999); and *E.E.O.C. v. Grief Bros. Corp*., 218 F.R.D. 59, 64 (W.D.N.Y. Aug. 28, 2003).

In *Tomlin v. Holecek*, 150 F.R.D. 628 (D.Minn. 1993), the court refused to allow the presence of counsel, a third party, or tape recorder during a psychological examination. The court said that the examining doctor expressed the opinion "that the presence of a third person, physically or by tape-recording, is inimical to the conduct of a valid psychiatric examination," and this "opinion was not controverted by any other expert in these proceedings and, generally, her concerns are corroborated by those authorities which have considered the argument and which recognize that psychological examinations necessitate an unimpeded, one-on-one exchange between the doctor and the patient." *Id*. at 631-32.

The court also stated that "the plaintiff suffers no disadvantage" by his inability to tape-record the doctor's interview that is not shared by defendants, who are without a recording or a transcript of the interviews of the plaintiff that were conducted by his psychologists. *Id*. at 633.

The court also ruled that to allow a tape-recording of the psychological examination would be "endorsing, if not promoting" the adversary process into the examination room. *Id*. at 634.

Regarding the issue of videotaping the examination and testing of the minor plaintiff, the defendant has submitted the declaration of Scott J. Hunter, Ph.D. with attachments, Exhibit 5 to the aforementioned motion. Dr. Hunter's declaration clearly states his opinion that the "videotaping of the evaluation and/or the physical presence of third party observers in the testing room (i.e., parents or otherwise) during this assessment is strongly contraindicated, as it will serve to compromise the integrity and validity of the evaluation, and hamper the interpretation of results." Dr. Hunter fully explains the reasons for his opinion in his declaration and also attaches three relevant professional articles supporting his opinion.

For the reasons stated in Dr. Hunter's declaration and the articles he attaches thereto, the Court should grant defendant's motion for Rule 35 examination without forcing a videotaping of the

examination and testing. Plaintiff provides the Court absolutely no basis for requiring videotaping in light of the serious ethical concerns involved for Dr. Hunter.

As stated in his declaration, Dr. Hunter will not allow testing to take place under compromised circumstances. Thus, not allowing the examination to proceed without videotaping is in essence refusing to allow the Rule 35 examination. Of course, testing by any neuropsychologist with videotaping would be of dubious value anyway, since the neuropsychologist would be forced to admit that the results of the testing may be compromised by the videotaping.

In paragraph 12 of their response, plaintiffs suggest using a video-recording device to be used to "surreptitiously or unobtrusively record the testing and evaluation of the child." However, as stated in one of the articles attached to Dr. Hunter's declaration, Policy Statement on the Presence of Third party Observers in Neuropsychological Assessments by the American Academy of Clinical Neuropsychology at 434, the "surreptitious eavesdropping on a patient during an examination or treatment is ethically proscribed."

Conclusion

In light of the above, the Court should order the Rule 35 examination be conducted without videotaping.

Respectfully submitted,

A. COURTNEY COX
United States Attorney

/s/ *James M. Hipkiss*
JAMES M. HIPKISS
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
Phone:   (618) 628-3700
FAX:     (618) 622-3810
E-mail:   Jim.Hipkiss@usdoj.gov

**Certificate of Service**

      I hereby certify that on June 26, 2009, I electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Alan G. Pirtle; agp@bphlaw.com

      Respectfully submitted,

      A. COURTNEY COX
      United States Attorney


      /s/ *James M. Hipkiss*
      JAMES M. HIPKISS
      Assistant United States Attorney
      Nine Executive Drive
      Fairview Heights, IL  62208
      Phone:   (618) 628-3700
      FAX:     (618) 622-3810
      E-mail:   Jim.Hipkiss@usdoj.gov